IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

Brandon Johnson
    Plaintiff,

vs.   CASE NO. _____

(1) Oklahoma Department of Transportation
(2) Kevin Lowe, Video Branch Manager
(3) Bart Vleugels, Video Branch Supervisor
    Defendants.

CIV-14-945 L

FILED
SEP 0 4 2014
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## COMPLAINT

**Unlawful Employment Practices, Other Unlawful Employment Practices**

1. Plaintiff Brandon Johnson (hereinafter "Plaintiff"), makes the following allegations against Defendants Oklahoma Department of Transportation, Kevin Lowe, and Bart Vleugels (hereinafter "Defendants").

2. Plaintiff demands trial by jury.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over all causes of action asserted herein pursuant to Article III of the United States Constitution, Section 2; Federal Question, 28 U.S.C. § 1331; and Actions for Violations of Civil Rights, 42 U.S.C. § 1983, because this case is a cause not given by statute to other trial courts.

4. This Court has jurisdiction over all Defendants because all Defendants are:

    (a) Citizens of the United States.

    (b) An agency of the government of the State of Oklahoma.

1320 Williams Drive, Oklahoma City, OK 73119, (405) 923-2760

(c) Residents within the Western District of Oklahoma.

5. Venue is proper because the causes of action stated herein arose in this judicial district.

## PARTIES

6. Plaintiff Brandon Johnson is an individual who resides in the County of Oklahoma, State of Oklahoma.

7. Defendant Oklahoma Department of Transportation is a State Government Agency whose headquarters resides in the county of Oklahoma, State of Oklahoma. Defendant Kevin Lowe is an individual who resides in the County of McClain, State of Oklahoma. Defendant Bart Vleugels is an individual who resides in the County of Oklahoma, State of Oklahoma. Oklahoma Department of Transportation, Kevin Lowe, and Bart Vleugels are hereafter collectively referred to as Defendants.

8. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

## FACTUAL ALLEGATIONS

9. On August 19, 2013, the Plaintiff was hired by the Defendants in the full-time position of Video Production Specialist I.

10. The Video Production Specialist I position is a creative position and directly involves performing tasks within the visual arts and its various disciplines related to digital filmmaking. This includes, but is not limited to producing, screenwriting, directing, digital cinematography,

and video editing.

11. The Defendants, Kevin Lowe, and Bart Vleugels, were the Plaintiff's immediate manager and supervisor, respectively, within the Defendant's Video Production Branch.

12. On or about August 21, 2013, the Defendants assigned the Plaintiff with the creative leadership responsibilities of producing a Motor Grader Training Video.

13. During the first job interview on July 10, 2013, the Defendants stated to the Plaintiff that he could be as creative as he desired on his assigned projects, as long as the information presented therein was accurate and kept the audience's attention.

14. Between August 19, 2013 and January 10, 2014, the Defendants held the Plaintiff to a negative double standard, when compared to all of his co-workers in the Video Production Branch, by:

> (a) making deceptive distinctions about their instructions and suggestions issued to the Plaintiff, regarding his assigned projects.
>
> (b) retroactively changing their previously offered suggestions into mandatory instructions if or when the Plaintiff declined any of them, after the fact.
>
> (c) harassing the Plaintiff with unwarranted informal verbal counseling about failing and/or refusing to follow the Defendant's aforementioned retroactive instructions, regarding the Plaintiff's assigned projects.
>
> (d) harassing the Plaintiff with unwarranted informal verbal counseling about failing to follow or disagreeing with the Plaintiff's co-worker's suggestions or recommendations, regarding the Plaintiff's assigned projects.
>
> (e) harassing the Plaintiff with unwarranted informal verbal counseling when the Plaintiff reasonably and respectfully questioned and/or complained about the

1320 Williams Drive, Oklahoma City, OK 73119, (405) 923-2760

accuracy of his pay schedule, salary, and its calculation via email or in person with the Defendants.

(f) harassing the Plaintiff with unwarranted informal verbal counseling about the Plaintiff's job performance, education, personality, and workplace conduct.

(g) limiting and restricting the Plaintiff's terms, conditions, and privileges of employment with regard to Plaintiff's creative leadership, job performance, and duties on assigned projects.

(h) accusing and labeling the Plaintiff as arrogant and ignorant whenever he displayed any self confidence in his creative and/or leadership abilities.

(i) accusing and labeling the Plaintiff as arrogant and ignorant whenever he implemented his creative plans and decisions regarding his assigned projects.

(j) accusing and labeling the Plaintiff as defensive, defiant, disruptive, and confrontational whenever he reasonably and respectfully asked or requested clarification about the Defendant's instructions issued to him.

(k) accusing and labeling the Plaintiff as aggressive, accusatory, stubborn, disruptive, and playing the victim whenever he reasonably presented his personal or professional concerns to the Defendants.

(l) accusing and labeling the Plaintiff as defensive, stubborn, and defiant whenever he reasonably and respectfully disagreed with the Defendant's unwarranted negative assessments about himself or job performance.

15. The negative double standards imposed upon the Plaintiff, by the Defendants, were discriminatory and racially motivated, and therefore, an unlawful employment practice, because:

(a) The Plaintiff is African American, and throughout his entire employment with

1320 Williams Drive, Oklahoma City, OK 73119, (405) 923-2760

the Defendants, was the only person of color that worked within the Defendant's Video Production Branch.

(b) All of the other Video Production Branch employees, including the Defendants Kevin Lowe and Bart Vleugels, are Caucasian and/or primarily of Caucasian descent.

(c) When performing actions or behaviors similar to the Plaintiff and/or when in equivalent situations as the Plaintiff, the other Video Production Branch employees were not subject to the same adverse actions from the Defendants.

16. Throughout his entire employment with the Defendants, the Plaintiff followed and executed the requests, instructions, and directions issued to him by the Defendants.

17. Throughout his entire employment with the Defendants, the Plaintiff respectfully disagreed with and/or declined only a few number of suggestions and recommendations issued to him by the Defendants and his Video Production Branch co-workers, regarding his assigned projects.

18. The Plaintiff had no reasonable or legal obligation to implement, accept, or agree with any suggestions or recommendations submitted by the Defendants and/or the Plaintiff's co-workers related to his assigned projects.

19. Throughout his entire employment with the Defendants, the Plaintiff respectfully and peacefully accepted the unwarranted informal verbal counseling sessions issued to him by the Defendants, and took notes at each session.

20. The Plaintiff had no reasonable or legal obligation to agree with any of the Defendant's assessments and accusations made against the Plaintiff during the informal verbal counseling sessions.

21. On or about January 6, 2014, the Defendants issued the Plaintiff and another Video Production Branch employee, Dylan Chaufty, an assignment to record video of a small enterprise training class in Lawton, OK, on January 14, 2014.

22. On January 9, 2014, the Defendant, Bart Vleugels, instructed the Plaintiff to change the title of a video section within the Motor Grader Training Video to "daily walkaround." In person, the Plaintiff respectfully informed the Defendants that the word "walkaround" was historically derogatory to African Americans and advised modifying the Defendant's requested video title. The Defendant, Bart Vleugels, asked if the Plaintiff was offended by the use of the word. The Plaintiff responded, "I'm not offended, because I understand its context, but that doesn't mean that other people won't be offended," or words to that effect. The Defendant, Bart Vleugels, stated, "I don't care. That's what we've always used here," or words to that effect. The Plaintiff responded, "okay," and returned to his office.

23. At or around 8:39 AM, on January 9, 2014, the Plaintiff made the requested video section title changes.

24. At 11:31 AM, on January 9, 2014, the Plaintiff informed the Defendant, Bart Vleugels, that he had completed the Defendant's title change or other recent requests via email.

25. On January 9, 2014, per the Defendant's instruction, the Plaintiff completed and submitted a vehicle certification form, which:

> (a) was a formal request from the Plaintiff to receive permission to use an Oklahoma State owned vehicle to provide transportation between the Plaintiff's residence, official duty, and place of lodging.
>
> (b) stated that the Plaintiff was required to be located in Lawton, OK, on January 14, 2014, for an officially assigned task.

26. On January 9, 2014, the Plaintiff's submitted vehicle certification form was received, signed, and approved by the Defendant's Division Manager. The Division Manager's signature certified that the information on the vehicle certification form was correct and true.

27. On January 9, 2014, the Plaintiff's submitted vehicle certification form was received by the Defendant's Director of Operations.

28. At or around 1:15 PM, on January 9, 2014, the Plaintiff confided with the Defendant's receptionist, Arla King-McCarty, about the Defendant's lack of racial sensitivity toward African Americans and the negative double standards faced by the Plaintiff. Arla King-McCarty advised the Plaintiff to speak to Gregory Pringle, an Internal Civil Rights Administrator for the Defendants.

29. At or around 7:30 AM, on January 10, 2014, Arla King-McCarty introduced the Plaintiff to Gregory Pringle, and the two went into Gregory Pringle's office.

30. During their approximately two-hour conversation on January 10, 2014, the Plaintiff complained to Gregory Pringle that:

> (a) the Defendants had imposed negative double standards upon him when compared with all of the other Video Production Branch employees.
>
> (b) the Defendants were racially insensitivity towards African Americans.
>
> (c) the Defendants were discriminating him based on his race.

31. During their approximately two-hour conversation on January 10, 2014, the Plaintiff agreed with Gregory Pringle that the best course of action was to mediate the situation between himself and the Defendants. Gregory Pringle stated to the Plaintiff that he would inform the Defendants about the Plaintiff's grievances and facilitate the mediation.

32. On January 10, 2014, the Plaintiff's submitted vehicle certification form was signed

*Brandon Johnson*     1320 Williams Drive, Oklahoma City, OK 73119, (405) 923-2760

and approved by the Defendant's Director of Operations.

33. On January 10, 2014, after returning to his office at or around 9:40 AM from the meeting with Gregory Pringle, the Defendant, Bart Vleugels, handed the Plaintiff the signed and approved vehicle certification form.

34. At or around 11:35 AM on January 10, 2014, the Defendant, Bart Vleugels, led the Plaintiff into a meeting with the Defendant, Kevin Lowe, and Brian Kirtley, the Defendant's transitioning Division Manager. During the meeting, the Plaintiff was handed a termination letter written by the Defendant, Kevin Lowe, dated January 10, 2014, and fired.

35. The Defendants stated that the Plaintiff was discharged because:

(a) the Plaintiff was under probation and Merit Rule 530:10-11-32 allows probationary employees to be terminated at any time during their probationary period without the right of appeal.

(b) the Plaintiff failed to meet expectations.

(c) the Plaintiff was difficult to instruct.

(d) the Plaintiff had defensive behavior when accepting informal verbal counseling and direction.

(e) the Plaintiff had routinely challenged, questioned, or ignored supervisory instructions.

36. The Defendant's aforementioned reasons for discharging the Plaintiff was a pretext designed to hide their true retaliatory motives.

37. In a statement to the U.S. Equal Employment Opportunity Commission on May 28, 2014, the Defendants stated that in the afternoon on January 9, 2014, the Defendants, along with their transitioning Division Manager, Brian Kirtley, met together and determined to discharge the

*Brandon Johnson*   1320 Williams Drive, Oklahoma City, OK 73119, (405) 923-2760

Plaintiff on January 10, 2014 at 11:30 AM. This aforementioned statement from the Defendants was another pretext designed to hide their true retaliatory motives.

38. The Plaintiff's complaint about the use of the word, "walkaround," was reasonable, not disruptive, and did not significantly interfere with the Defendant's legitimate business concerns.

39. The Plaintiff's complaint to Arla King-McCarty about the Defendant's racial insensitivity and imposed negative double standards were reasonable, not disruptive, and did not significantly interfere with the Defendant's legitimate business concerns.

40. The Plaintiff's complaints to Gregory Pringle about the Defendant's acts of racial discrimination were reasonable, not disruptive, and did not significantly interfere with the Defendant's legitimate business concerns.

41. The Plaintiff's protest against the Defendant's discriminatory employment practices did not interfere with his job performance or render him ineffective in the job.

42. The Plaintiff's complaint about the word, "walkaround," and the complaints made to Arla King-McCarty and Gregory Pringle about racial discrimination were acts of opposition and were protected activities.

43. The Plaintiff had a reasonable and good faith belief that the Defendant's racial insensitivity towards African Americans, and the negative double standards imposed upon the Plaintiff, by the Defendants, were acts of racial discrimination, and therefore, unlawful employment practices.

44. As an adverse action to the Plaintiff's complaint about the word, "walkaround," on January 9, 2014, and/or the Plaintiff's complaint made to Gregory Pringle about racial discrimination on January 10, 2014, the Defendants terminated the Plaintiff's employment in

*Brandon Johnson*   1320 Williams Drive, Oklahoma City, OK 73119, (405) 923-2760

retaliation, which was another unlawful employment practice.

45. In the absence of the Plaintiff's complaints made on January 9 and 10, 2014, the Defendants would not have terminated the Plaintiff's employment on January 10, 2014, and instead, would have required the Plaintiff to have been present in Lawton, OK on January 14, 2014, for official business, per the submitted and approved vehicle certification form.

46. By terminating the Plaintiff's employment, the Defendants violated and failed to follow their own policy directive regarding disciplinary and termination actions by:

(a) failing to impose proper progressive disciplinary actions upon the Plaintiff between informal verbal counseling and discharge.

(b) failing to show just cause for skipping the proper progressive disciplinary actions between informal verbal counseling and discharge.

(c) misleading, denying, limiting, or restricting the Plaintiff's right to appeal his discharge as he was a probationary employee that alleged discrimination, of which the Defendants were informed.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For back pay at the rate of $3,039.00 per month from January 13, 2014 to until the date judgment is imposed;

2. For ten years of front pay in the amount of $364,680.00;

3. For compensatory and punitive damages in the amount of $300,000.00;

4. For reasonable attorney's fees and court costs of suit herein incurred; and,

5. For any further relief which the court may deem appropriate.

DATED: 09-04-2014

*Brandon Johnson* 1320 Williams Drive, Oklahoma City, OK 73119, (405) 923-2760